IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENDA BETH KYLE, Individually, and as Heir to and Representative of the Estate of KIRBY DUANE KYLE, and JEFFREY DUANE KYLE and LAURI ANN BERKA, Individually, and as Heirs to the Estate of KIRBY DUANE KYLE, <br><br>Plaintiffs, <br><br>v. <br><br>WALMART, INC., and WAL-MART STORES TEXAS, LLC, <br><br>Defendants. | CIVIL ACTION NO.: _____ <br><br>*Jury Trial Requested* |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

COME NOW Plaintiffs GLENDA BETH KYLE, Individually, and as Heir to and Representative of the Estate of KIRBY DUANE KYLE, and JEFFREY DUANE KYLE and LAURI ANN BERKA, Individually, and as Heirs to the Estate of KIRBY DUANE KYLE (hereinafter sometimes collectively "Plaintiffs") complaining of Defendants, WALMART, INC. and WAL-MART STORES TEXAS, LLC (hereinafter sometimes collectively "Defendant Wal-Mart"), and for cause would respectfully show as follows:

# I.

## PARTIES

1.01   Plaintiff, Glenda Beth Kyle, is a citizen and resident of Haltom City, Tarrant County, Texas, and appears in her individual capacity, and as heir to and representative of the estate of Kirby Duane Kyle, deceased.

1.02   Plaintiff, Jeffrey Duane Kyle, is a citizen and resident of Taylor, Williamson County, Texas, and appears in his individual capacity, and as heir to the estate of Kirby Duane Kyle, deceased.

1.03   Plaintiff, Lauri Ann Berka, is a citizen and resident of Fort Worth, Tarrant County, Texas, and appears in her individual capacity, and as heir to the estate of Kirby Duane Kyle, deceased.

1.04   Defendant Walmart, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware and having its principal place of business in Arkansas. Said defendant regularly conducts business activities in the Northern District of Texas such that said defendant is subject to personal jurisdiction in this district. Defendant Walmart, Inc., does business in the State of Texas and can be served pursuant to Section 17.044 of the *Texas Civil Practice & Remedies Code* by serving its Registered Agent for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas.

1.05   Defendant Wal-Mart Stores Texas, LLC, is a foreign limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Arkansas. Said defendant regularly conducts business activities in the Northern District of Texas such that said defendant is subject to personal jurisdiction in this district. Defendant Wal-Mart Stores Texas, LLC, does business in the State of Texas and can be served pursuant to Section

17.044 of the *Texas Civil Practice & Remedies Code* by serving its Registered Agent for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas.

## II.

## JURISDICTION AND VENUE

2.01    This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a) in that there exists complete diversity of citizenship between Plaintiffs and Defendants herein and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.02    This Court also has original subject matter jurisdiction over this case pursuant to 29 U.S.C. §1132(e)(1) in that it is an action brought by the beneficiary of an employee welfare benefit plan the under the Employee Retirement Income Security Act (ERISA).

2.03    Venue is proper in the Northern District of Texas pursuant to 28 U.S.C §1391(a) because Defendants continuously and systematically do business within the Northern District of Texas, are subject to personal jurisdiction in the Northern District of Texas, and are deemed residents of the Northern District of Texas pursuant to 28 U.S.C. §1391(c).  Venue is also proper under 29 U.S.C. §1132(e)(2) because it is where the Defendants may be found and where the breach took place.  Additionally, venue is proper because the language of the Walmart Stores, Inc. Texas Injury Care Benefit Plan at issue provides that "[U]nless contrary to applicable law, any ERISA right of action or other legal proceeding challenging a plan decision shall be brought in the United States District Court for the Northern District of Texas, Dallas Division."  Finally, venue is proper in the Northern District of Texas because this Court possesses jurisdiction over the subject matter of this controversy.

## III.

## FACTUAL BACKGROUND

3.01 This lawsuit arises from an incident which occurred on March 30, 2019, at around 9:00 a.m. at the Walmart Neighborhood Market, store # 7347, in Hurst, Tarrant County, Texas. At the time of the incident, Plaintiffs' decedent, Kirby Duane Kyle, was an employee working for Defendant Walmart, Inc. and/or Defendant Wal-Mart Stores Texas, LLC, as an associate in the frozen dairy and meat section of the store. At around 9:02 a.m., Mr. Kyle entered a freezer located in the northwest corner of the store where he fell at around 9:06 a.m., suffered head injuries, became unconscious, suffered hypothermia, and subsequently died.

3.02 Another employee noticed the freezer door was open at 9:16 a.m. but inexplicably failed to enter and investigate. Instead, the employee simply attempted to shut the freezer door without going inside but the door did not close. The employee returned a couple minutes later and, when she realized she had not fully closed the freezer door on her first attempt, and again without looking inside, closed the freezer door with Mr. Kyle still on the floor inside sealing his fate.

3.03 Mr. Kyle was found on the floor in the freezer at approximately 9:31 a.m. by another employee who called 911. The investigating officer arrived at 9:34 a.m. and was escorted to the freezer where he observed a small amount of blood on the floor that was frozen, part of Mr. Kyle's pants were also frozen, and there was a gash on Mr. Kyle's temple that was not actively bleeding. According to the investigating officer, the floor of the freezer room was slick and the temperature was set at four degrees Fahrenheit.

3.04 Mr. Kyle was transported to the emergency room at John Peter Smith Hospital in Fort Worth, Texas, where he was noted to be cold and found to have a laceration on his right forehead. He never regained a pulse and was pronounced dead at 10:15 a.m.

3.05    A full autopsy was performed on September 24, 2019, which found the cause of death to be a fall and prolonged exposure to cold environmental temperatures in association with hypertensive cardiovascular disease.  According to a videotaped recorded statement of the medical examiner, but for the fall and head injury which left Mr. Kyle unconscious and exposed for a prolonged period of time to sub-freezing temperatures resulting in hypothermia, and to a reasonable degree of forensic probability, Mr. Kyle would not have died.

3.06    At all times material and relevant herein, Mr. Kyle was employed as an associate by Defendant Walmart, Inc. and/or Defendant Wal-Mart Stores Texas, LLC, and a participant in the Walmart Stores, Inc. Texas Injury Care Benefit Plan (hereinafter the "Plan").  The Plan Administrator is Defendant Walmart, Inc.

3.07    The Plan provides that it will pay a beneficiary death benefit of $250,000.00 should the Plan participant die as the direct and sole result of an "Injury."  The Plan further provides that an "Injury" means damage or harm to the physical structure of the body resulting from an accident. However, despite the fact that Mr. Kyle suffered and died from injuries as a result of an accident as defined by the Plan, including specifically, head injuries and hypothermia, the benefits due Mr. Kyle's beneficiary, Plaintiff Glenda Beth Kyle, were denied.

3.08    The denial of benefits was appealed pursuant to the requirements of the Plan.  The appeal was denied on April 22, 2020.  All conditions precedent to this lawsuit have been satisfied.

### IV.

### FIRST CAUSE OF ACTION - WRONGFUL DEATH & SURVIVAL

4.01    This action is maintained as a wrongful death and survival action for all the beneficiaries entitled to recover for the death of Kirby Duane Kyle, deceased, under the provisions of the Texas Civil Practice & Remedies Code, §§ 71.002 and 71.021.  Plaintiffs are necessary and

proper parties to maintain this wrongful death action and are the surviving legal beneficiaries of the decedent provided for in the Wrongful Death Act. If there are other beneficiaries of decedent who are entitled to recover under the Wrongful Death Act, then Plaintiffs maintain this action for and on behalf of such other beneficiaries.

## V.

## SECOND CAUSE OF ACTION - NEGLIGENCE

5.01   On the date and on the occasion in question, Defendants, acting by and through their employees, agents, and representatives, were negligent and failed to use that degree of care and caution that an ordinarily prudent person would have used under the same or similar circumstances, specifically including, without limitation:

a) Failing to enter and inspect the freezer to determine why the door was open approximately 15 minutes before Mr. Kyle was finally located on the floor inside the freezer;

b) Failing to enter and inspect the freezer to determine why the door was open approximately 13 minutes before Mr. Kyle was finally located on the floor inside the freezer;

c) Failing to properly or adequately train and supervise Defendants employees to ensure that another employee could not fall and be left unconscious inside a freezer with a temperature of four degrees Fahrenheit for more than 25 minutes;

d) Failing to adopt or follow safety sweep policies and procedures to ensure that an employee could not fall and be left unconscious inside a freezer with a temperature of four degrees Fahrenheit for more than 25 minutes;

e) Failing to inspect and maintain the freezer floor to prevent it from becoming icy and slippery, and pose an unreasonable risk of harm, and causing an employee to fall, be injured and rendered unconscious, and left inside to become hypothermic and die inside a freezer with a temperature of four degrees Fahrenheit;

f) Failing to adopt or follow safety sweep policies and procedures to ensure that the freezer floor could not become icy and slippery, and pose an unreasonable risk of harm, and causing an employee to fall, be injured and rendered unconscious, and left inside to become hypothermic and die inside a freezer with a temperature of four degrees Fahrenheit;

    g)    Such other and further acts and/or omissions constituting negligence as may be determined throughout the course of discovery herein.

5.02   Defendants are non-subscribers under the Texas Workers' Compensation Act, and are therefore liable for negligence in causing the subject incident, the injuries to and death of Plaintiffs' decedent, and Plaintiffs' injuries and damages herein.

5.03   Defendants are also independently liable for negligence in failing to provide a safe place to work, failing to provide proper safety training to employees, and failing to develop or enforce policies and procedures which would have prevented the incident in question. Specifically, Defendants knew or should have known that the icy and slick floor in the freezer, and/or prolonged exposure to the sub-freezing temperature in the freezer, posed an unreasonable risk of harm to employees but failed to develop, implement, follow, train employees on, and/or enforce policies and procedures which would have prevented an employee from slipping or otherwise falling, being injured and rendered unconscious in the freezer for an extended period of time.

5.04   At all times material and relevant to this action, the actions of Defendants' employees, agents and representatives, were acting within the course and scope of their duties and employment with Defendants. Defendants are therefore vicariously liable for the negligent conduct of their employees under the common law doctrine of *respondeat superior*.

5.05   Such acts and/or omissions constitute negligence and were the proximate cause of the subject incident, the injuries to, and the death of Plaintiffs' decedent, and Plaintiffs' other damages asserted herein.

## VI.

### THIRD CAUSE OF ACTION - PREMISES LIABILITY

6.01   At the time and on the occasion in question, Plaintiffs' decedent, Mr. Kyle, was a "business invitee" to whom Defendants owed a duty to exercise ordinary care, including the duty

to discover any unreasonably dangerous conditions existing on the premises, the duty to warn of the existence of such dangerous conditions, and the duty to make the premises safe for use by Plaintiffs' decedent Mr. Kyle.

6.02   At the time in question, Defendants either knew, or in the exercise of ordinary care should have known that the icy floor and temperature in the freezer posed an unreasonable risk of harm to employees like Mr. Kyle.  Defendants had a duty to discover the dangerous condition of the premises, and to make the premises safe for reasonable use by Mr. Kyle and the other employees of Defendants.  Instead, Defendants ignored this foreseeable and preventable hazard, failed to take reasonable steps to discover and correct the hazard, and failed to properly and adequately warn Mr. Kyle of the existence of the hazardous condition, although the dangerous condition had existed on the premises for a period of time that it should have been discovered and corrected had Defendants, their agents, servants, and employees, exercised ordinary care in the reasonable inspection, maintenance and operation of the premises.

6.03   Such indifference and failure to act on the part of Defendants herein proximately caused the subject incident, the injuries to and death of Plaintiffs' decedent, and Plaintiffs' other damages asserted herein.

## VII.

### THIRD CAUSE OF ACTION - CLAIM FOR BENEFITS UNDER §502(a)(1)(B) OF ERISA

7.01   ERISA provides for civil enforcement with respect to the denial of benefits.  The civil enforcement provisions set forth in §502(a)(1)(B) of ERISA are codified at 29 U.S.C. §1132, *et seq*.

7.02   Section 1132(a)(1)(B) provides that a civil action may be brought by a plan beneficiary to recover benefits due under the terms of an ERISA plan.

7.03   The Plan involved in this case is an ERISA plan.

7.04   At all times material and relevant herein, Mr. Kyle was an employee of Defendant Walmart, Inc. and/or Defendant Wal-Mart Stores Texas, LLC, and by virtue thereof, a participant in the Plan.

7.05   Plaintiff Glenda Beth Kyle was married to Mr. Kyle when he fell on the job, was injured, suffered hypothermia and died.  Accordingly, Mrs. Kyle is the "Eligible Spouse" and priority beneficiary for the $250,000.00 death benefit provided under the Plan.

7.06   Mrs. Kyle claimed the death benefit under the Plan but on August 22, 2019, her claim was wrongfully denied.

7.07   Mrs. Kyle appealed the denial as required by the Plan but on April 22, 2020, her appeal was wrongfully denied.

7.08   The denial of the appeal on April 22, 2020 was sent by the Plan's Appeals Committee having an address in Dallas, Texas, and noted that the Plan "offers no further voluntary levels of appeal."  All conditions precedent to this claim for relief have therefore been met.

7.09   Mr. Kyle died as the direct and sole result of suffering damage or harm to the physical structure of his body from an on the job accident as defined by the Plan.  Accordingly, Mrs. Kyle is entitled to and seeks recovery of the $250,000.00 death benefit provided for in the Plan.

## VIII.
## COMPENSATORY DAMAGES

8.01   Plaintiff, Glenda Beth Kyle, seeks civil enforcement of her right to recovery of the $250,000.00 death benefit due to her under the Plan.

8.02   Decedent, Kirby Duane Kyle's estate, incurred medical and burial expenses as a result of his injuries and death.

8.03    Plaintiff, Glenda Beth Kyle, has experienced grief, psychological pain and mental anguish in the past as a result of the death of her husband, Kirby Duane Kyle, and in all reasonable probability will continue to suffer such grief, psychological pain and mental anguish in the foreseeable future as a result of the death of her husband.

8.04    Plaintiff, Glenda Beth Kyle, has also suffered pecuniary loss, loss of anticipated earnings, services, support, companionship and love of her husband, Kirby Duane Kyle, as well as the destruction of the husband/wife relationship, and she will continue to suffer such damages into the foreseeable future.

8.05    Plaintiffs, Jeffrey Duane Kyle and Lauri Ann Berka, have experienced grief, psychological pain and mental anguish in the past as a result of the death of their father, Kirby Duane Kyle, and in all reasonable probability will continue to suffer such grief, psychological pain and mental anguish in the foreseeable future.

8.06    Plaintiffs would show that the above and foregoing elements of actual damages have a monetary value well in excess of the $75,000 minimal jurisdictional limits of this Court, for which actual damages they now sue.

8.07    Plaintiffs also seek recovery of their expenses and costs of suit, their reasonable and necessary attorneys' fees incurred if allowed by law, and pre-judgment and post-judgment interest at the highest rate permitted by law.

## IX.

## JURY DEMAND

9.01    Plaintiffs hereby assert their right to a trial by jury regarding all issues of fact presented by this claim.

## X.

## PRAYER

10.01   Plaintiffs pray that Defendants be cited to appear and answer herein; and that upon final determination of this cause of action, Plaintiffs have and recover judgment against Defendants for all actual damages to which they may be entitled; that Plaintiffs recover all pre-judgment and post-judgment interest as allowed by law; that Plaintiffs recover all costs of Court; that Plaintiffs have and recover reasonable and necessary attorney's fees incurred if allowed by law; and Plaintiffs pray for such other and further relief, both general and special, in law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

*/s/ George A. Boll*
**GEORGE A. BOLL**
(Attorney-In-Charge)
State Bar No. 00783682
GeorgeBoll@juneauboll.com
**MICHAEL D. STACY**
State Bar. No. 24002990
mstacy@juneauboll.com

**JUNEAU, BOLL & STACY, PLLC**
15301 Spectrum Drive, Suite 300
Addison, Texas  75001
Telephone: (972) 866-8333
Facsimile:  (972) 866-8378

**ATTORNEYS FOR PLAINTIFF**